IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

VICTOR TENORIO

        Plaintiff,

v.

US FOODS, INC.

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Victor Tenorio ("Plaintiff"), by and through his attorneys, HKM Employment Attorneys LLP, hereby files his Complaint against Defendant US Foods, Inc. ("Defendant"), as follows:

### PARTIES

1. Plaintiff is an individual who is a resident and domiciliary of Colorado.

2. Defendant US Foods, Inc. is a corporation with a principal office located at 9399 West Higgins Road, Suite 500, Rosemont, IL 60018, United States. Defendant's registered agent is The Corporation Company, 7700 E. Arapahoe Rd, Suite 220, Centennial, CO 80112.

### JURISDICTION AND VENUE

3. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

4. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(3), (4).

5. Venue is proper under 28 U.S.C. 1391(a)(2) because the events giving rise to this action occurred in Colorado.

### ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

6. Plaintiff incorporates all the paragraphs of this Complaint as though fully and separately stated herein.

1

7. Plaintiff filed his Charge of Discrimination with the Colorado Civil Rights Division and EEOC for age, race, national origin discrimination and retaliation on December 29, 2015. Plaintiff was issued a Notice of Right to Sue from the Equal Employment Opportunity Commission.

8. Plaintiff has met all administrative prerequisites prior to filing this action.

## GENERAL ALLEGATIONS

9. Plaintiff, a Hispanic man, worked for Defendant from August 1, 2007 to July 20, 2015. Plaintiff's last position with Defendant was as Transportation Manager, and he satisfactorily performed his duties during his employment.

10. Plaintiff was 47 years old at the time of his termination.

11. Plaintiff was terminated because of his age, race, and national origin, after being put on an unattainable Performance Improvement Plan ("PIP").

12. Defendant hired Larry Kruml as Vice President of Operations in February 2015.

13. After Mr. Kruml's hire, and despite Plaintiff's proven success with US Foods, Inc., Mr. Kruml took several negative actions against Plaintiff, including but not limited to the following examples:

   a. Mr. Kruml told Plaintiff that he wanted to bring in a "younger crew", including a replacement for Plaintiff;

   b. Mr. Kruml began reassigning members of Plaintiff's team without cause;

   c. Mr. Kruml placed Plaintiff on a 90-day PIP, even though six months prior Plaintiff's 2014 year-end evaluation indicated he was fully meeting expectations and Plaintiff had never received a single disciplinary action.

14. Plaintiff told Mr. Kruml and Human Resources that the action plan to improve Transportaiton metrics was unreachable. However, Mr. Kruml took retaliatory action and refused to modify the PIP and 40 days later, terminated Plaintiff.

15. A younger, Caucasian male was hired to replace Plaintiff after his termination.

## FIRST CLAIM FOR RELIEF
**(Discrimination, Harassment, and Retaliation Based on Race/National Origin in Violation of Title VII, 42 U.S.C. § 2000e, *et seq*. Against Defendant US Foods, Inc.)**

16. Plaintiff incorporates by reference the above paragraphs as though set forth separately and fully herein.

17. Plaintiff is an "employee" as that term is defined at 42 U.S.C. § 2000e(f).

18. Defendant is an "employer" as that term is defined at 42 U.S.C. § 2000e(b).

19. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") prohibits discrimination based on national origin/race in employment.

20. Based on the above-described acts, practices and omissions, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's national origin/race.

21. Furthermore, Defendant's illegal actions against Plaintiff, including the harassment by Plaintiff's supervisors, were aimed at Plaintiff because of his national origin/race, resulting in adverse impacts to the terms and conditions of Plaintiff's employment and further subjecting Plaintiff to harassment and a hostile work environment.

22. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

23. At the time the above-described conduct occurred, including the harassment by Plaintiff's supervisors, and as a result of such conduct, Plaintiff believed his work environment to be hostile or abusive.

24. Defendant knew or should have known of Plaintiff's supervisor's conduct and failed to take prompt, remedial action to stop the supervisor's conduct.

25. Further, Defendant denied him employment opportunities, training, and/or mentorship because of his protected status.

26. As such, Defendant violated 42 U.S.C. § 2000e-2(a) and (d) and discriminated against Plaintiff by not only subjecting him to sufficiently severe or pervasive harassment based on national origin/race so as to alter the conditions and terms of Plaintiff's employment, but also: failing to act and condoning or tolerating such harassment, subjecting Plaintiff to less favorable terms and conditions of employment, and ultimately terminating Plaintiff's employment.

27. The reasons that Defendant submits for changing the terms and conditions of Plaintiff's employment and terminating him are false and pretext for unlawful discrimination.

28. In unlawfully discriminating and retaliating against Plaintiff, Defendant acted willfully, wantonly and/or with malice or with conscious and/or reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

29. As a result of Defendant's above-described conduct, Plaintiff has suffered loss of income, emotional pain and suffering, embarrassment, and inconvenience and he is entitled to general and special damages, economic damages including front and back pay, and non-economic

damages. Plaintiff is also entitled to and seeks his attorneys' fees and costs pursuant to 42 U.S.C. §2000e-5(k).

## SECOND CLAIM FOR RELIEF
### (Discrimination and Wrongful Termination in Violation of the Age Discrimination in Employment Act ("ADEA"))

30. Plaintiff incorporates by reference the above paragraphs as though set forth separately and fully herein.

31. At all times relevant to this case, Plaintiff has been at least 40 years of age and therefore protected by the ADEA, 29 U.S.C. §§ 621 – 634.

32. At all times relevant to this case, Defendant was an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

33. Although Plaintiff at all relevant times successfully performed his job, he was terminated because of his age and, upon information and belief, replaced by a younger employee.

34. As a result of Defendant's above-described conduct, Defendant violated the ADEA and discriminated against Plaintiff by, inter alia, terminating him due to his age.

35. Defendant's above-described conduct and wrongful termination of Plaintiff was intentional and was motivated by Plaintiff's age.

36. Defendant knowingly and willfully engaged in the above-described conduct and discriminatory termination of Plaintiff on the basis of his age.

37. As a direct and proximate result of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and he is entitled to such general and special damages, economic damages, non-economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and prays for:

A. Compensatory damages, including but not limited to lost wages and benefits;

B. Non-economic damages as permitted by law;

C. Statutory penalties and punitive damages as permitted by law;

D. Reasonable attorneys' fees and the costs of this action as permitted by law;

E. Statutory prejudgment interest; and

F. Such other relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury.

Dated this 30th day of May, 2017.

**HKM Employment Attorneys LLP**

*/s/ Claire E. Munger*
Claire E. Munger
Shelby Woods
730 17th Street, Suite 900
Denver, CO 80202
720-668-8989
cmunger@hkm.com
swoods@hkm.com
*Attorneys for Plaintiff*

Plaintiff's Address:
3432 Riding Hood Court
Castle Rock, CO 80109